FILED
CLERK

5/3/2016 1:02 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TING-WAI CHENG, CHAU-PING YAU,

        Plaintiffs,

   -against-

JPMORGAN CHASE BANK, N.A., JAMIE
DIMON, Chief Executive Officer, et al.,

        Defendants.
--------------------------------------------------------X

**ORDER**

15-CV-4308 (SJF)(AYS)

FEUERSTEIN, J.

     *Pro se* plaintiffs Ting-Wai Cheng and Chau-Ping Yau (together, "Plaintiffs") filed a complaint alleging that defendants JPMorgan Chase Bank, N.A. ("JPM") and Jamie Dimon ("Dimon") (together, "Defendants") are liable to Plaintiffs in the amount of six hundred eighty-eight thousand and twenty-five dollars and twenty-nine cents ($688,025.29). Before the Court is Defendants' unopposed motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss is granted and Plaintiffs' complaint is dismissed with prejudice.

# I.    BACKGROUND [1]

     Plaintiffs, owners of a "fixed rate note" (the "Note"), placed the Note in an account "maintained on deposit with" defendant JPM, which Plaintiffs' allege serves as a trustee. (Compl. § I). Plaintiffs allege that Defendants "are liable for such payments of taxes on the backup withholdings on trust income, deductions, and credits attributable to the grantor as the owner of record, for United States federal and State tax purposes," but provide no factual or legal

---

[1] The following facts are taken from Plaintiff's complaint, which is largely incomprehensible. (Dkt. 1). The Court assumes these facts to be true for purposes of deciding this motion.

basis for their claims.  (*Id.* § II).  Plaintiffs allege that they are "currently being sued by the Respondent / Defendant as a debtor in possession of a collateral in the State court, however if the Claimant / Plaintiff is a debtor in possession of one collateral the Respondent / Defendant is a debtor in possession of another collateral."  (*Id.* § III).  Finally, Plaintiffs allege that "[a]s a direct and proximate result of Respondent / Defendant(s) questionable and capricious actions [Plaintiffs] [have] been damaged in the amount of $688025.29," and that they are "entitled to recover damages [in this amount] … based on 26 U.S.C. sections 671-679, and the current suit brought by the Respondent / Defendant(s) in the state court."  (*Id.* § IV).

## II.    DISCUSSION

### A.    Legal Standard – Rule 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), district courts "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] complaint is not required to have 'detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.'"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

While a "*pro se* complaint is to be read liberally," and generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo*, 579 F.3d at 183 (internal quotations omitted), a court may dismiss a *pro se* plaintiff's first complaint with prejudice where

it is "frivolous and leaves no doubt that plaintiff cannot allege facts sufficient to state a claim." *Coleman*, 154 Fed. App'x 250, 251 (2d Cir. 2005). A district court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

### B.    Application

Plaintiffs' complaint provides no information at all regarding (i) the nature or characteristics of the Note, (ii) the nature or characteristics of the purported trust relationship, (iii) the nature or characteristics of the purported state court lawsuit, (iv) how Plaintiffs came to suffer damages in the amount of six hundred eighty-eight thousand and twenty-five dollars and twenty-nine cents ($688,025.29), or (v) any legally actionable malfeasance or nonfeasance on the part of either JPM or Dimon. The absence of any meaningful factual allegations that could plausibly support a claim for relief warrants dismissal of Plaintiffs' complaint. *See, e.g., Kennedy v. N.Y.S.D.O.C.S.*, 207 F. Supp. 2d 260, 261 (S.D.N.Y. 2002) (dismissal warranted where complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised") (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Accordingly, Plaintiffs' complaint is dismissed with prejudice.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.  The Clerk of

the Court is directed to close this case.


**SO ORDERED.**


                                             _s/ Sandra J. Feuerstein_
                                             Sandra J. Feuerstein
                                             United States District Judge


Dated:  May 3, 2016
        Central Islip, New York